IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv448
(3:05cr390)

| | |
|---|---|
| DEMORRIS TRYESE ALLEN, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on September 10, 2010 (Doc. No. 1).

I.   PROCEDURAL HISTORY

On December 13, 2005, the Grand Jury returned a Superseding Bill of Indictment against Petitioner charging him with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. (Case No. 3:05cr390, Doc. No. 56: Superseding Bill of Indictment). Petitioner pleaded not guilty and proceeded to a jury trial on April 11, 2007. The jury found Petitioner guilty of conspiracy to possess with intent to distribute cocaine base and specifically concluded that the amount of cocaine base that was reasonably foreseeable to the Petitioner was more than 5 grams but less than 50 grams. (Case No. 3:05cr390, Doc. No. 266: Jury Verdict).

On October 17, 2007, Petitioner appeared with counsel before the undersigned for a sentencing hearing. Defense counsel noted that the Presentence report ("PSR") calculated a two-point criminal history enhancement for being on unsupervised probation at the time the instant

1

offense was committed. Counsel argued that Petitioner's unsupervised probation had likely expired before he committed the instant offense but conceded that subtracting the two points from Petitioner's criminal history computation would leave Petitioner within the same criminal history category so it would not change Petitioner's calculations. (Id., Doc. No. 372, Sentencing Transcript at 4-5). The Court agreed that the two-point enhancement would not alter Petitioner's criminal history category. (Id.) Counsel also objected to the two-point weapon enhancement pursuant to USSG § 2D1.1(b)(1), arguing that there was not sufficient evidence to support the weapon enhancement. (Id. at 5). The Court considered and rejected this argument. (Id. at 18). Finally, Petitioner's counsel objected to the drug quantity attributed to the Petitioner as stated in the PSR which differed from the quantity that the jury determined, by special verdict, to be reasonably foreseeable to the Petitioner. The jury determined that the amount of drugs reasonably foreseeable to the Petitioner was between 5 and 50 grams and the probation officer attributed 18 ounces or 510.6 grams to the Petitioner. The Court allowed argument on this issue and concluded that while the Court was bound by the jury's special verdict as it established the statutory maximum and minimum sentences, the Court retained the discretion to consider the evidence to determine the advisory guidelines. The Court found that the 510 grams utilized in the PSR was supported by testimony at trial which was corroborated by Petitioner's admission to law enforcement at the time of his arrest. (Id. at 18-21) The Court sentenced Petitioner to 324 months imprisonment followed by eight years of supervised release. (Case No. 3:05cr390, Doc. No. 310: Judgment).

Petitioner filed a Notice of Appeal on November 5, 2007. (Case No. 3:05cr390, Doc. No. 312: Notice of Appeal). On appeal, Petitioner's appellate counsel argued that the evidence was insufficient to support the verdict and that the this Court's factual findings at sentencing violated Petitioner's Sixth Amendment rights. In an unpublished opinion dated September 8, 2009, the Fourth

Circuit Court of Appeals affirmed Petitioner's conviction and sentence concluding that the evidence was sufficient to prove Petitioner was part of the conspiracy and the 324-month sentence imposed by this Court, after finding by a preponderance of the evidence that Petitioner was responsible for conspiracy to possess 510 grams of cocaine base, was within the maximum authorized by the jury's verdict and did not violate the Sixth Amendment. United States v. Allen, 344 Fed. App's 844 (4th Cir. 2009).

Petitioner filed the instant motion to vacate on September 10, 2010 alleging that his counsel was ineffective for failing to obtain his files of prior incarcerations which would have lowered his criminal history points and for allowing the Court to adopt the Probation Officer's finding of a two-level increase for the gun pursuant to 2D1.1(b)(1) of the Sentencing Guidelines. Petitioner also argues that this Court violated his Sixth Amendment rights by sentencing him to a drug amount higher than the amount found by the jury. Petitioner contends that an evidentiary hearing is required to resolve his claims.

II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to relief on his claims.

A. Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective for failing to obtain his files of prior incarcerations which would have lowered his criminal history points and for allowing the Court to adopt the Probation Officer's finding of a two-level increase for the gun pursuant to 2D1.1(b)(1) of

3

the Sentencing Guidelines.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id, at 1290 (citing Strickland, 466 U.S. at 697). Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter.

1. Criminal History

Petitioner first argues that his counsel was ineffective for failing to "obtain prior files dealing with petitioners (sic) prior incarceration, such files would of lowered [Petitioner's] criminal history category from a level 9 to a level 4." (Motion at 15). Petitioner's argues that in paragraphs 34 - 37 of the PSR, the probation officer attributed 4 criminal history points to him pursuant to USSG § 4A1.1(c) for being on probation, however, he argues that "it would have been impossible to have been on probation for these crimes because [Petitioner] was incarcerated in prison between 1993 till 1998 for committing manslaughter." (Motion at 16).

First, paragraphs 34 - 37 of the PSR are not probation violations as suggested by Petitioner.

Instead, they are separate convictions which occurred on different dates[1] for three counts of second degree trespass and one charge for shoplifting for which Petitioner was sentenced to 15 days imprisonment; suspended on each.

Next, Petitioner suggests that he could not been on probation for these offenses because he was incarcerated in prison between 1993 until 1998 for committing manslaughter. However, the record does not support Petitioner's argument. Indeed, the PSR indicates that Petitioner was arrested on manslaughter charges on July 2, 1994, however, his sentence was not imposed until February 17, 1997. Petitioner was sentenced to five years imprisonment with credit for 442 days. He began his sentence on February 17, 1997 and was released on December 23, 1997. A check of Petitioner's criminal record in the North Carolina Department of Corrections supports the information contained in the PSR. Petitioner was not in custody, as he claims, for the manslaughter conviction between 1993 until 1998. The sentencing transcript also contains a discussion on this issue consistent with the PSR that Petitioner was sentenced on February 17, 1997 for the manslaughter conviction. He served ten months beginning on February 17, 1997 and was given credit for time served of 442 days. (Case No. 3:05cr390, Doc. No. 372: Sentencing Transcript at 29-33).

The record does not support Petitioner's contention that he was in prison for the manslaughter conviction from 1993 until 1998. Petitioner has not established that his counsel was deficient for failing to object to the four points specified in paragraphs 34 through 37 of the PSR.[2]

---

[1] The dates for the offenses contained in paragraphs 34 - 37 of the PSR are October, 30, 1994; February 23, 1995; March 17, 1995 and March 31, 1995.

[2] The Court notes that according to the PSR, Petitioner has eight separate convictions with one criminal history point each pursuant to USSG 4A1.1(c), however he only received four of those eight points toward his criminal history calculation because 4A.1.(c) limits the number of points under that subsection to four.

Because Petitioner has not established deficiency with respect to this claim, he has not established ineffective assistance of counsel under the Strickland test and his claim must fail.

### 2. Gun Enhancement

Petitioner argues that his counsel was ineffective for "allow[ing] the Court to adopt the Probation Officers [sic] finding that a two- level increase is appropriate under 2D1.1(b)(1), claiming the gun facilitated the drug possession." (Motion at 17).

A review of the record reveals that Petitioner's counsel objected to the PSR arguing that the two-level enhancement for possession of a weapon pursuant to USSG 2D1.1(b)(1) is not applicable. (Addendum to PSR at 17). Counsel also argued at sentencing that there was not sufficient evidence to support the weapon enhancement. (Case No. 3:05cr390, Doc. No. 372: Sentencing Transcript at 6). In support of his argument, counsel argued that the weapon was found in a trunk of a vehicle that was not titled in Petitioner's name. While the vehicle was on the premises where Petitioner was arrested, the vehicle was not in Petitioner's name. The gun was not in Petitioner's possession nor was the weapon registered to him. (Id. at 5). After allowing the government to respond, the undersigned concluded that "the location of the funds seized from the trunk with – or what the Court infers is drug proceeds from a safe is sufficient nexus to connect the gun to the drug trafficking. The fact that the car is not titled to the defendant or that he was not in actual possession of it, doesn't affect the conclusion of the Court. There was paperwork indicating that he just had the car painted. There were drug proceeds found near the weapon. And I think there's sufficient connection to the drug trafficking for the enhancement to apply." (Id. at 18).

Petitioner's claim that his counsel was ineffective for "allowing" the Court to adopt the two-level enhancement for the gun is refuted by the record. Counsel objected to this enhancement both in the PSR and at the sentencing hearing. Petitioner's counsel made a strong argument against

applying the enhancement, however, the Court concluded, after hearing from Petitioner's counsel and counsel for the government, that the enhancement was appropriate. Petitioner has not established that his counsel was deficient. Therefore, his ineffective assistance of counsel claim must fail.

B. Sixth Amendment Violation.

Petitioner contends that this Court violated his Sixth Amendment rights by sentencing him to a drug amount which was not found by the jury. Petitioner raised this claim on direct appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit concluded that the 324-month sentence imposed by this Court, after finding by a preponderance of the evidence that Petitioner was responsible for conspiracy to possess 510 grams of cocaine base, was within the maximum authorized by the jury's verdict and did not violate the Sixth Amendment. United States v. Allen, 344 Fed. App'x 844 (4th Cir. 2009). The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

C. Evidentiary Hearing

Petitioner argues that he is entitled to an evidentiary hearing on the claims contained in his motion to vacate. Pursuant to Rule 8(a) of the Rules Governing Section 2255 Cases, the Court has the discretion to determine whether an evidentiary hearing is warranted. The Court has reviewed the

7

record in this case and concludes that an evidentiary hearing is not warranted in this case for the reasons stated within this Order.

III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims. **IT IS, THEREFORE ORDERED** that:

1. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: October 13, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

**SO ORDERED**.